**DENIED and Opinion Filed December 30, 2019**



In the

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01232-CV

### IN RE MICHAEL WATTS, Relator

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 32386-422**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

Relator Michael Watts has filed a petition for writ of mandamus asking the Court to compel the trial court to adjudicate his August 20, 2019 motion demanding that defense counsel surrender his case file to relator so that relator can file an 11.07 writ. We deny relief.[1]

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not contain a certification or an inmate declaration. Thus, relator's petition does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

---

[1] The Court of Criminal Appeals recently reaffirmed: "The client's file belongs to the client." *In re McCann*, 422 S.W.3d 701, 704–05 (Tex. Crim. App. 2013) (orig. proceeding). Former attorneys are obligated to follow their former clients' last known wishes regarding those to whom the client will allow the file to be released. *Id.* at 710.

Generally, to establish a right to mandamus relief, he must show (1) that the trial court violated a ministerial duty and (2) there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 758–59.

Relator has not filed a record with his petition. Without an authenticated petition and supporting record, relator cannot establish the trial court violated a ministerial duty to rule on the motion. *See Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 758–59. Thus, we conclude relator is not entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

191232F.P05

–2–