**DENIED and Opinion Filed January 24, 2020**



**In the**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01338-CV

### IN RE TOMMY LEE STEWART, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F81-12433-U**

# MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

Tommy Lee Stewart filed this original proceeding asking the court to compel the trial court to rule on his motion for the appointment of habeas counsel he says was filed on August 14, 2019. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition bears a certification stating "Relator hereby certifies that he has read and reviewed the contents of his Petition for Writ of Mandamus and verifies that the content and exhibits are true and correct." Thus, relator's certification does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). We are bound by this Court's prior precedent requiring exceptionally strict compliance with rule 52.3(j)'s requirements. To comply with prior opinions of this Court that interpret mandamus rules, relators should use the exact words

of rule 52.3(j) without deviation in their certification: "I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Because Mr. Stewart failed to use the precise words in the rule, we are bound by precedent to deny mandamus. *See Butler*, 270 S.W.3d at 758.

This leads us to a second procedural hurdle relator has not been able to jump. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator attaches as exhibits to his petition copies of the motion, a proposed order granting the motion, and a brief letter requesting information about the status of the motion. None of the copies is certified or sworn and, notably, none bear a file mark establishing whether and when it was filed with the trial court clerk. Relator does not attach a copy of the trial court's docket sheet. Thus, there is no indication that relator actually filed the documents or requested a ruling.

To establish a right to mandamus relief, relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding). Though we recognize the difficulty detained relators face in securing certified documents, without certified or

sworn copies of the motion to appoint counsel and documents showing he requested a ruling, a relator cannot establish the trial court had a legal duty to rule on the motion and thus violated a ministerial duty. *See Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 758–59. We conclude relator has failed to show the trial court has a ministerial duty to rule on his motion.

Moreover, the trial court must be afforded a reasonable time to perform its ministerial duty before the failure to do so will be considered an abuse of discretion. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The time period considered reasonable depends upon the circumstances of each case and may involve consideration of criteria such as the trial court's actual knowledge of the motion, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *Id*. at 228–29. Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id*. at 229.

Relator has not provided any evidence to show the trial court has failed to rule on his motion in a reasonable time. Even if we accept relator's assertion that he filed the motion on August 14, 2019 and further assume the trial court is even aware of the motion, we cannot conclude relator has shown that the trial court's failure to rule on the motion constitutes an unreasonable delay. *Id*. at 228–29.

We conclude relator has not shown he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Cory L. Carlyle/

CORY L. CARLYLE
191338F.P05                                    JUSTICE

–3–