**DENIED and Opinion Filed March 4, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00044-CV**

**IN RE ROYAL DOUGLAS ROBINSON, Relator**

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-00017-U**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this original proceeding, Royal Douglas Robinson seeks mandamus relief to compel the trial court to rule upon five motions for forensic DNA testing he alleges he filed between March 31, 2017 and April 27, 2020. Because his petition does not satisfy the requirements of rule 52 of the rules of appellate procedure, we deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—

Dallas 2008, orig. proceeding); *see also In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] orig. proceeding) (dismissing case for deficiencies in mandamus petition).

Relator's petition contains an "affidavit" in which relator swears "under oath that the facts and allegations in the above application for writ of mandamus are true and correct." Thus, because relator's petition does not certify that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record," or language substantially similar, the petition is not certified as required by rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *Butler*, 270 S.W.3d at 758; *Hughes*, 607 S.W.3d at 137.

Furthermore, relator must file with his petition a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To obtain mandamus relief compelling the trial court to rule on his motions, relator must show (1) the trial court had a legal duty to rule on the motions, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam).

Rule 52.3(k)(1)(A) governs the record relator must submit with a petition for writ of mandamus and requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other

document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Under these rules, relator's petition must be supported by documents, such as copies of the motions and the trial court's docket sheet, that will show what motions relator filed, when the motions were filed, and how relator called the trial court's attention to the motions. *See Prado*, 522 S.W.3d at 2. Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Relator has not attached to his petition copies of any of the motions for which he seeks the court's assistance in forcing the trial court to rule. He has attached copies of purported pages from the trial court's docket sheet showing the dates and titles of various filings in his case, but the pages are not certified or sworn copies as required to authenticate them under the rules of appellate procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

To qualify as sworn copies, relator, an inmate, could attach the documents to an affidavit or an unsworn declaration conforming to section 132.001(e) of the Texas Civil Practice and Remedies Code. *See Butler*, 270 S.W.3d at 759; *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding); *Hughes*, 607 S.W.3d at 138 n.2. The affidavit or unsworn declaration must affirmatively show it

is based on relator's personal knowledge and must contain direct, unequivocal statements to which perjury could be assigned. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 445. An affidavit or unsworn declaration would comply with the rule if it stated, under penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See Butler*, 270 S.W.3d at 759.

Relator can satisfy these requirements, Civil Practice and Remedies Code section 132.001(e), and at the same time, the authentication requirement of appellate procedure rules 52.3(k)(1)(A), 52.7(a)(1), by including the language in 132.001(e):

> My name is [first] [middle] [last], my date of birth is [date], and my inmate identifying number, if any, is [inmate number]. I am presently incarcerated in [Corrections unit name] in [city], [county], [state], [zip code]. I declare under penalty of perjury that the foregoing is true and correct.
> Executed on the ___ day of [month] [year].
> [signature]
> Declarant.

But because relator has not filed an appendix of supporting documents that are either certified copies or sworn copies verified with an affidavit or unsworn declaration, relator has not met his burden to furnish a record supporting mandamus relief. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 446.

Because relator's petition is not certified and is not accompanied by a supporting record showing he is entitled to mandamus relief, we are bound to deny relator's petition. That said, we deny relief without prejudice to relator refiling the

petition—meaning that relator may refile the petition (1) properly certified as discussed with reference to Civil Practice and Remedies Code section 132.001(e) above, (2) accompanied by a record that shows relator filed his motions with the trial court, and (3) that he has requested a ruling from the trial court aside from simply filing the motions for DNA testing. *See Butler*, 270 S.W.3d at 758–59; *Molina*, 94 S.W.3d at 886.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

210044F.P05