**DENIED and Opinion Filed March 12, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00045-CV**

**IN RE HOWARD HOLLAND, Relator**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 31610-422**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

In this original proceeding, Howard Holland seeks mandamus relief to compel the trial court to rule upon a motion to take judicial notice of exhibits attached to the motion. Relator alleges he filed the motion on November 23, 2020, wrote letters to the trial court and court coordinator on December 21, 2020 requesting a ruling on the motion, and sent the trial court a second notice regarding the motion on January 1, 2021. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."

TEX. R. APP. P. 52.3(j). The court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding); *see also In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] orig. proceeding) (dismissing case for deficiencies in mandamus petition).

Relator's petition is not certified. Because relator does not certify that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record," or language substantially similar, the petition does not comply with rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *Butler*, 270 S.W.3d at 758; *Hughes*, 607 S.W.3d at 137.

Furthermore, to obtain mandamus relief compelling the trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Relator must file with his petition a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R.

–2–

APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Under these rules, relator's petition must be supported by documents, such as copies of the motion and the trial court's docket sheet, that will show what motion relator has filed, when the motion was filed, and how relator called the trial court's attention to the motion. *See Prado*, 522 S.W.3d at 2. Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

In this case, relator has not filed a certified or sworn copy of the motion upon which he seeks a ruling. The motion would be "a document showing the matter complained of" and a "document that is material to the relator's claim for relief that was filed in any underlying proceeding." *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator has attached to his petition a copy of a cover letter purporting to transmit the motion and exhibits to the trial court clerk for filing. The cover letter bears a file stamp dated November 30, 2020. Relator also attached uncertified and unsworn copies of his December 21, 2020 and January 1, 2021 correspondence. None of the letters are certified or sworn copies as required to authenticate them under the rules of appellate procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

To qualify as sworn copies, relator would need to attach the documents to an affidavit or an unsworn declaration conforming to section 132.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding); *Hughes*, 607 S.W.3d at 138 n.2. The affidavit or unsworn declaration must affirmatively show it is based on relator's personal knowledge and must contain direct, unequivocal statements to which perjury could be assigned. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 445. An affidavit or unsworn declaration would comply with the rule if it stated, under penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See Butler*, 270 S.W.3d at 759.

Relator can satisfy the requirements for an unsworn declaration, and authenticate his documents as required by rules 52.3(k)(1)(A) and 52.7(a)(1), by including in his unsworn declaration the language in section 132.001(e):

> My name is [first] [middle] [last], my date of birth is [date], and my inmate identifying number, if any, is [inmate number]. I am presently incarcerated in [Corrections unit name] in [city], [county], [state], [zip code]. I declare under penalty of perjury that the foregoing is true and correct.
> Executed on the ___ day of [month] [year].
> [signature]
> Declarant.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(e).

Because relator has not filed an appendix of supporting documents that are either certified copies or sworn copies verified with an affidavit or unsworn declaration, relator has not met his burden to provide an appendix of supporting documents to show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 446.

Moreover, even if relator had filed authenticated documents showing he properly filed the motion and requested a hearing, he has not shown the trial court has had a reasonable opportunity to rule upon the motion. The amount of time that would be considered reasonable to rule upon a motion is not subject to exact formulation and depends on the circumstances of the case. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). In considering whether the trial court has had a reasonable opportunity to rule upon a pending motion, we may consider a variety of factors including the trial court's actual knowledge of the motion, whether it has overtly refused to rule upon the motion, the state of the trial court's docket, the existence of other pending judicial and administrative matters that might be more pressing than the motion, and the trial court's inherent authority to control its own docket. *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding).

Because relator's petition is not certified, is not accompanied by a supporting record showing he is entitled to mandamus relief, and there is no showing that the trial court has had a reasonable opportunity to consider the motion, we deny relief

without prejudice to relator refiling the petition. If the trial court has not ruled upon the motion after a reasonable time has passed, relator may refile the petition (1) properly certified as required by rule 52.3(j), and (2) accompanied by a record authenticated with a sworn declaration, as discussed above, that shows relator filed his motion with the trial court and requested a ruling from the trial court aside from simply filing the motion. *See Butler*, 270 S.W.3d at 758–59; *Molina*, 94 S.W.3d at 886.

/Lana Myers/
_____
LANA MYERS
JUSTICE

210045F.P05