**DENIED and Opinion Filed May 27, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00217-CV

## IN RE HOWARD HOLLAND, Relator

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 31610-422**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Osborne

In this original proceeding, Howard Holland petitions the Court for a writ of

mandamus to compel the trial court to issue a ruling on a post-conviction motion

requesting the trial court take judicial notice of exhibits relator allegedly attached to

the motion. Because relator's petition is not accompanied by an authenticated record

sufficient to support mandamus relief, we deny the petition.

Relator bears the burden to provide the Court with a sufficient record to

establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.

1992) (orig. proceeding). To obtain mandamus relief compelling a trial court to rule

on his motion, relator must show (1) the trial court had a legal duty to rule on the

motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do

so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). The trial court is required to rule on a motion within a reasonable time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Determining whether the trial court has had a reasonable time may involve consideration of criteria such as the trial court's actual knowledge of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id.* at 229.

To meet his evidentiary burden, rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has filed with his petition a filestamped copy of the motion to take judicial notice minus the exhibits at issue. He has also filed two letters that do not bear any filestamps in which he requests a ruling from the trial court. None of the documents are certified.

To qualify as sworn copies, relator would need to attach the documents to an affidavit or an unsworn declaration conforming to section 132.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding). The affidavit or unsworn declaration must show the affiant or declarant has personal knowledge of the documents and the statements about the documents must be direct and unequivocal such that perjury can be assigned to them. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration meets the requirements of rule 52 if it states under penalty of perjury that the affiant or declarant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See id.*

Relator has included an unsworn declaration with his petition, but it states only that the "foregoing" is "true and correct to the best of my knowledge" without mentioning the documents or verifying that they are true and correct copies of the documents filed with the trial court. Moreover, adding the qualifying phrase "to the best of my knowledge" means relator's declaration, even if it could be construed as applying to the documents in the appendix, is not a direct, unequivocal statement to which perjury could be assigned. *See id.* at 758–59 (concluding affidavit was inadequate to authenticate appendix where it stated documents were "to my knowledge true and correct copies of the original documents").

–3–

Without a properly authenticated record, relator cannot show that he filed the motion, requested a ruling, reminded the trial court that the motion was pending, and that the trial court refused to rule on the motion. *See Prado*, 522 S.W.3d at 2. Thus, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

We deny the petition for writ of mandamus without prejudice to filing a new petition for writ of mandamus accompanied by an authenticated record.

/Leslie Osborne//

210217f.p05

LESLIE OSBORNE
JUSTICE