**DENIED and Opinion Filed June 16, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00346-CV**
**No. 05-21-00426-CV**

**IN RE REGINALD DONELL RICE, Relator**

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-76788-R & F14-76789-R**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this original proceeding, Reginald Donell Rice has filed a "Motion for Leave to File Writ of Mandamus Pursuant to Tex. Code Crim. Proc. Ann. Art. 64.01(c)" seeking a writ of mandamus directing the trial court to (1) vacate its order denying relator's motion for post-conviction DNA testing, (2) appoint counsel, and (3) reconsider the motion for post-conviction DNA testing. A motion for leave is not required before seeking mandamus relief in the court of appeals, *see* TEX. R. APP. P. 52.1, but we construe relator's pro se filing as an original proceeding seeking extraordinary mandamus relief and deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding); *In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] orig. proceeding) (dismissing case for deficiencies in mandamus petition).

Relator's petition is not certified. Because relator does not certify that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record," or language substantially similar, the petition does not comply with rule 52.3(j) and is subject to dismissal on that basis alone. *See* TEX. R. APP. P. 52.3(j); *Butler*, 270 S.W.3d at 758; *Hughes*, 607 S.W.3d at 137.

Furthermore, to obtain mandamus relief compelling the trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Relator must file with his petition a sufficient

record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Under these rules, relator's petition must be supported by documents, such as copies of the motion and the trial court's docket sheet, that will show what motion relator has filed, when the motion was filed, and how relator called the trial court's attention to the motion. *See Prado*, 522 S.W.3d at 2. Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

In this case, relator has attached to his petition a copy of the motion requesting post-conviction DNA testing filed by appointed counsel bearing a May 7, 2020 file stamp, a copy of an order, not signed by the trial court, directing the State to file a response by August 7, 2020, and two handwritten requests for a ruling relator indicates were executed on March 19, 2021 and April 20, 2021. None of the documents is a certified or sworn copy as required to authenticate them under the rules of appellate procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

To qualify as sworn copies, relator would need to attach the documents to an affidavit or an unsworn declaration conforming to section 132.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding); *Hughes*, 607 S.W.3d at 138 n.2. The affidavit or unsworn declaration must affirmatively show it is based on relator's personal knowledge and must contain direct, unequivocal statements to which perjury could be assigned. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 445.

Relator can satisfy the requirements for an unsworn declaration, and authenticate his documents as required by rules 52.3(k)(1)(A) and 52.7(a)(1), by including in his unsworn declaration a statement declaring that he has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals and including the following language from section 132.001(e):

> My name is [first] [middle] [last], my date of birth is [date], and my inmate identifying number, if any, is [inmate number]. I am presently incarcerated in [Corrections unit name] in [city], [county], [state], [zip code]. I declare under penalty of perjury that the foregoing is true and correct.
> Executed on the ___ day of [month] [year].
> [signature]
> Declarant.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(e); *Butler*, 270 S.W.3d at 759.

Because relator has not filed an appendix of supporting documents that are either certified copies or sworn copies verified with an affidavit or unsworn declaration, relator has not met his burden to provide an appendix of supporting documents to show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 446.

Finally, even if we took relator's documents at face value, they do not show relator is entitled to the relief he is requesting. Relator is requesting vacation of an order denying relief, appointment of counsel, and reconsideration of his DNA motion. There is nothing before us showing the status of relator's DNA proceedings.[1]

Because relator's petition is not certified and is not accompanied by a supporting record showing he is entitled to mandamus relief, we conclude relator has not shown he is entitled to the relief he seeks. Accordingly, we deny relief. *See* TEX. R. APP. P. 52.8(a).

210346f.p05

210426f.p05

/Cory L. Carlyle/.
CORY L. CARLYLE
JUSTICE

---

[1] The documents do indicate relator is represented by counsel. Relator is not entitled to hybrid representation, meaning he may not represent himself by filing motions or, applicable here, petitions for writ of mandamus, while he is represented by counsel. *See Miniel v. State*, 831 S.W.2d 310, 313 n.1 (Tex. Crim. App. 1992); *Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (denying mandamus relief to pro se relator represented by counsel in the trial court).