**DENIED and Opinion Filed November 12, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-00774-CV**
**No. 05-21-00775-CV**

**IN RE ROGER ALLEN FOX, Relator**

**Original Proceedings from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-52968-IH & F21-52969-VH**

## MEMORANDUM OPINION
Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Nowell

Roger Allen Fox has filed a petition for writ of mandamus contending the trial court has failed to act on his pro se application for writ of habeas corpus requesting a reduction in his $100,000 bail on two pending criminal cases. Relator petitions the Court to reduce his bond to $15,000 on each case. Concluding the petition does not meet the requirements of rule of appellate procedure 52, we deny relief without prejudice to filing a new petition that conforms to rule 52.

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."

TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

In this case, relator has filed an "Inmate Declaration" stating that he does "declare under penalty of perjury the above and forgoing is true and correct to the best of my personal knowledge." Relator's declaration does not indicate that the statements in the petition are supported by competent evidence in the appendix or record. Thus his certification does not meet the requirement of rule 52.3(j). *See id.*

Moreover, the only document relator does provide, a file-stamped copy of an application for writ of habeas corpus, is not authenticated as the appellate rules require and is, by itself, insufficient to show he is entitled to mandamus relief. Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Because relator's sole supporting document is neither a certified copy nor a sworn copy, it does not comply with the rules of appellate procedure. *See Butler*,

270 S.W.3d at 759. Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Furthermore, even if relator's copy of the habeas application was authenticated properly, it is insufficient by itself to show he is entitled to mandamus relief. To obtain mandamus relief compelling a trial court to rule on his application, relator must show (1) the trial court had a legal duty to rule on the application, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *Foster*, 506 S.W.3d at 607.

Although relator contends in his petition that the district clerk presented the application to the trial court, nothing in the record supports his assertion. Even if relator provided sufficient proof that his application was filed, proof of filing does not constitute proof that the matter was presented to the trial court with a request for a ruling. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Foster*, 506 S.W.3d at 607 (denying mandamus relief on ground relator did not file record showing habeas application had been filed and presented to trial court judge).

Additionally. even if relator proved he presented the motion for a ruling, the file stamp on relator's application reflects he filed it on August 2, 2021 and he signed his petition for writ of mandamus on August 31, 2021. There is no showing in the

record that the trial court had a reasonable opportunity to issue a ruling before relator sought mandamus relief. *See In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam) (mandamus not available until trial court has had reasonable opportunity to issue ruling); *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding) (relator bears burden to show trial court has had reasonable opportunity to rule on properly filed motion).

On the record presented, relator cannot show that he filed the habeas application, requested a ruling, reminded the trial court that the application was pending, or that the trial court refused to rule on the application within a reasonable time. Thus, relator cannot show he is entitled to mandamus relief. *See Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 759; *Foster*, 506 S.W.3d at 607; *Molina*, 94 S.W.3d at 886.

We deny the petition for writ of mandamus without prejudice to filing a new petition that corrects the deficiencies described in this opinion.[1]

210774f.p05　　　　　　　　　　　　/Erin A. Nowell//
210775f.p05　　　　　　　　　　　　ERIN A. NOWELL
　　　　　　　　　　　　　　　　　　JUSTICE

---

[1] Although not apparent on the record before us, there is an additional reason relator is not eligible for mandamus relief. The trial court's online docket sheet shows relator is represented by counsel. A criminal defendant is not entitled to hybrid representation, and the trial court does not have a ministerial duty to rule on pro se motions filed by a defendant who is represented by counsel. *See, e.g., In re Scott*, No. 01-20-00793-CR, 2020 WL 7062319, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (mem. op., not designated for publication).