**Denied and Opinion Filed January 23, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01468-CV
No. 05-16-01470-CV

## IN RE ALEX RAMIRO PRADO, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-421005 and F14-421015**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Lang-Miers

Before the Court is relator's December 15, 2016 petition for writ of mandamus in which relator complains that the district court has not ruled on his motion for speedy trial or other motions, including a motion to dismiss, a request that the court release the warrant, and a writ of habeas corpus.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S. W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A defendant seeking to compel the dismissal of an indictment or complaint on speedy trial grounds has an adequate remedy at law, and therefore, is not entitled to mandamus. *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). Consideration of a motion that is properly filed and

before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); Tex. R. App. P. 52.3(k), 52.7(a).

Relator is not entitled to mandamus relief as to his request for a speedy trial because he has an adequate remedy on appeal. *See Gohmert*, 962 S.W.2d at 593. As for his request that this Court order the trial court to rule on his other motions, the record is insufficient to establish that the motions were properly filed, that the trial court was requested to rule on the motions, and that the trial court refused to rule. The petition for writ of mandamus is not certified as required by rule 52.3(j) and does not include an appendix or record that establishes what motions relator filed in the trial court or when they were filed. The petition also does not establish the manner in which relator has called these motions to the attention of the trial court. Absent proof that the motions were properly filed, and that the trial court has been requested to rule on the motions but refused to so, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See In re Florence*, 14-11-00096-CR, 2011 WL 553241, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2011, no pet.). Accordingly, we deny relator's petition for writ of mandamus.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

161468F.P05

–2–