**DENIED and Opinion Filed February 6, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01504-CV

### IN RE ROBERT JOSEPH SCHMITT, Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81160-00**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Evans
Opinion by Justice Reichek

In this original proceeding, relator Robert Joseph Schmitt has filed a petition for a "writ of consultation" which the Court interprets as a petition for writ of mandamus. Relator seeks to compel the trial court to rule on a "Motion to Recall This Court's Previous Ruling That Applicant's Sentence is Illegal and Unauthorized by Law" contending relator is illegally confined under improperly cumulated sentences. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The Court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition contains an unsworn inmate declaration stating that he does "declare under penalty of perjury that according

to my belief, the fact stated above are true and correct." Thus, relator's petition does not comply with the certification requirement of rule 52.3(j). *See id.*

Furthermore, to establish a right to mandamus relief, relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

To establish a sufficient mandamus record, rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator attached to his petition only an uncertified, unsworn copy of the motion. Without a properly authenticated appendix containing certified or sworn copies of documents, relator has not provided a sufficient record to establish the motion was properly filed, he requested a ruling on it, and the trial court refused to rule. *See Prado* 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 759.

Finally, we note that relator is not entitled to relief on the merits. An application for writ of habeas corpus under article 11.07 of the code of criminal procedure is the exclusive method to collaterally attack confinement pursuant to a final felony conviction. *See* TEX. CODE CRIM. PROC.

ANN. art. 11.07, §5; *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989). *See also Ex parte Williams*, 239 S.W.3d 859, 862 (Tex. App.—Austin 2007, no pet.) (holding article 11.07 is exclusive remedy for applicant confined under allegedly illegal consecutive sentences).[1]

Relator's motion attempts to circumvent the 11.07 habeas process by requesting relief under article 11.16. *See* TEX. CODE CRIM. PROC. ANN. art. 11.16 (allowing district or county court judge to issue writ of habeas corpus to remedy illegal confinement or restraint in cases where judge has jurisdiction). Because article 11.07 is the exclusive habeas remedy after a felony conviction, the trial court does not have jurisdiction to entertain relator's motion. *See State v. Patrick*, 86 S.W.3d 592, 594–95 (Tex. Crim. App. 2002) (after mandate, trial court exercises only limited jurisdiction when authorized by law); *Williams*, 239 S.W.3d at 861–62. Without general jurisdiction, the trial court has no legal duty to rule upon relator's motion and thus has not violated a ministerial duty entitling relator to mandamus relief. *See Patrick*, 86 S.W.3d at 594–95; *Weeks*, 391 S.W.3d at 122; *Prado* 522 S.W.3d at 2.

Because relator has not filed a properly authenticated petition and record and has not shown the trial court has failed to perform a ministerial duty, we deny relief.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

191504F.P05

---

[1] The court of criminal appeals has already concluded relator's cumulative sentence claim should have been brought on direct appeal or in his application for article 11.07 habeas relief. *See State v. Schmitt*, No. PD-0594-11, 2012 WL 3996813, at *3 (Tex. Crim. App. Sep. 12, 2012) (not designated for publication).