**DENIED and Opinion Filed December 4, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00605-CV

## IN RE JEROME JOHNSON, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Chief Justice Burns[1] and Justices Osborne and Reichek
Opinion by Justice Reichek

In this original proceeding, Jerome Johnson petitions for a writ of mandamus to compel the trial court to rule upon a pending motion for correction of errors in the reporter's record and clerk's record that was prepared for the direct appeal of his 2003 conviction for sexual assault. *See Johnson v. State*, No. 05-03-01058-CR, 2005 WL 647516 (Tex. App.—Dallas Mar. 22, 2005, pet. ref'd) (not designated for publication). Relator has also filed motions for disclosure, discovery, and inspection

---

[1] The Honorable David L. Bridges, Justice, participated in the submission of this case; however, he did not participate in the issuance of this memorandum opinion due to his death on July 25, 2020. Chief Justice Robert Burns has substituted for Justice Bridges in this cause.

of various records; to appoint counsel; and to conduct an evidentiary hearing on his claims. We deny relator's petition and his pending motions.

Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). To obtain mandamus relief compelling a trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.).

Relator contends the trial court has not ruled on his motion seeking correction of the record. Relator has not, however, provided the Court with a docket sheet from the relevant period or other evidence that would show the trial court has not ruled on his motion. *See* TEX. R. APP. P. 52.3(k)(1)(A); *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.) (concluding relator failed to show grounds for mandamus absent docket sheet or other evidence that the trial court had not acted on his motion); *In re Creag*,

No. 12-17-00191-CV, 2017 WL 2665987, at \*1 (Tex. App.—Tyler June 21 2017, orig. proceeding) (mem. op.) (concluding relator not entitled to mandamus to rule on motion to correct bill of costs where mandamus record did not include evidence, such as docket sheet, showing trial court had not ruled on motion).

Without a record showing what actions the trial court has taken or failed to take, relator cannot show that he is entitled to mandamus relief. *See Prado*, 522 S.W.3d at 2; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *Vasquez*, 2015 WL 2375504, at \*1.

We deny the petition for writ of mandamus. We further deny all pending motions in this proceeding.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

200605F.P05