**Denied and Opinion Filed February 5, 2021.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01060-CV**

**IN RE NATHANIEL CHARLES GIBSON, Relator**

**Original Proceeding from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 064346**

**MEMORANDUM OPINION**

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Partida-Kipness

In this original proceeding, relator Nathaniel Charles Gibson seeks a writ of mandamus compelling the trial court to rule on his motion nunc pro tunc seeking an adjustment to his time credit on his sentence. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j); *see also In re Butler*, 270 S.W.3d 757, 758 (Tex. App.— Dallas 2008, orig. proceeding). Relator did not provide any certification for his petition. Thus, relator's petition does not comply with the certification requirement of rule 52.3(j). *See Butler*, 270 S.W.3d at 758.

In addition, to obtain mandamus relief compelling a trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to rule. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). The trial court is required to rule on a motion within a reasonable time. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). What constitutes a reasonable time to rule depends upon the circumstances of each case and may involve consideration of criteria such as the trial court's actual knowledge of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *Id*. at 228–29.

Relator bears the burden to provide the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his burden, relator must file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Relator must also file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator contends he sent the motion to the trial court on June 15, 2020, and sent a request for disposition on July 24, 2020. Relator's appendix, however,

contains only an uncertified, unsworn copy of the purported motion and no copy of the request for disposition. The copy of the motion does not bear a file mark or any other indication that it was received and filed by the trial court clerk.

Without a properly certified petition and an authenticated record containing certified or sworn copies of the motion, the request for disposition, and other documents to establish the motion was properly filed, brought to the trial court's attention, and the trial court failed or refused to act upon it within a reasonable time, relator has not established he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 758–59; *Prado*, 522 S.W.3d at 2; *Chavez*, 62 S.W.3d at 228–29.

Accordingly, we deny the petition for writ of mandamus.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

201060F.P05

–3–