**DENIED and Opinion Filed June 4, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00262-CV

## IN RE MICHAEL MARSHALL, Relator

**Original Proceeding from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-12634-Y & F10-12635-Y**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Osborne

Michael Marshall has filed a petition for writ of mandamus requesting the Court to compel the trial court to rule on a motion for new trial. Because relator's petition is insufficient to support mandamus relief, we deny the petition.[1]

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in

---

[1] We further note that the Dallas County District Clerk's website, although not an official source, indicates the trial court denied relator's motion for new trial on March 5, 2021 which would render the matter moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (original proceeding); *In re Harvey*, No. 05-16-00155-CV, 2016 WL 1019377, at *1 (Tex. App.—Dallas Mar. 15, 2016, orig. proceeding) (mem. op.).

rule 52.3(j).  *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).  In this case, relator has not filed a certification and thus has not complied with rule 52.3(j).  *See id.*

In addition to not properly certifying his petition, relator has not filed an authenticated record supporting his petition.  Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief.  *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To obtain mandamus relief compelling a trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.).

To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."  TEX. R. APP. P. 52.3(k)(1)(A).  Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding."  TEX. R. APP. P. 52.7(a)(1).

Relator has filed only a filestamped copy of the motion showing it was filed February 10, 2021.  Without certified copies of documents showing relator filed the motion, requested a ruling, reminded the trial court that the matter was pending, and that the trial court failed to rule on the motion despite having a reasonable time to

do so, relator cannot show he is entitled to mandamus relief. *See Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 759.

Accordingly, we deny the petition for writ of mandamus.


/Leslie Osborne//

210262f.p05                    LESLIE OSBORNE
                               JUSTICE