**DENIED and Opinion Filed August 30, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00541-CV**
**No. 05-21-00542-CV**
**No. 05-21-00543-CV**
**No. 05-21-00544-CV**

**IN RE DRALON PATTERSON, Relator**

**Original Proceeding from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-75183-PL,**
**F19-75218-PL, F19-25779-QL & F19-40572-PL**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

Dralon Duran Patterson has filed a petition for writ of mandamus requesting that the trial court be compelled to discharge him from his pending cases on the ground his right to a speedy trial has been violated. We deny relief.

The Court may grant mandamus relief if the relator shows he has no adequate legal remedy and the act relator seeks to compel the trial court to perform involves a ministerial act rather than a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals of Texarkana*, 236 S.W.3d 207,

210 (Tex. Crim. App. 2007) (orig. proceeding). Because relator may raise a failure to grant a speedy trial as an issue on appeal, he has an adequate legal remedy and is not entitled to mandamus relief. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.) (citing *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998)); *see also U.S. v. MacDonald*, 435 U.S. 850, 860–61 (1978) (explaining why alleged speedy trial violations are best left for appeal).

Because relator has not shown he is entitled to relief, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


210541F.P05