DENIED and Opinion Filed September 15, 2021



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-21-00435-CV

## IN RE HOWARD HOLLAND, Relator

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 31610-422**

# MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Garcia

Relator Howard Holland seeks mandamus relief to compel the trial court to rule on a motion he filed several months ago. We deny relief because Holland has not shown that the trial court has jurisdiction to rule on his motion.

## I.  Background

In November 2020, Holland filed in the trial court a motion entitled "Pro Se Motion For The 422nd District Court To Take Judicial Notice Of The Attached Exhibits In The Interest Of Justice Due From Constitutional Violations." The motion bears the style *Ex parte Howard Holland* and the trial-court case number 31610-422. Holland does not explain what kind of case he filed the motion in, but online court

records indicate that number 31610-422 is a criminal case, *The State of Texas v. Howard Holland.*[1] Holland's mandamus papers suggest that he is currently an inmate in the Texas prison system.

The mandamus record also includes copies of three letters Holland sent to the trial court requesting a hearing and a ruling on his motion.

We requested a response from real party in interest and respondent, but none was filed.

## II. Analysis

To obtain mandamus relief in a criminal case, a relator must show that he seeks to compel performance of a ministerial act and that he has no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). The relator bears the burden of providing a record sufficient to establish his right to relief. *Id*.

To obtain relief from a trial court's refusal to rule on a motion, the relator must establish that the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so within a reasonable time. *See id*. Generally, a trial court has no authority to rule on a motion that is filed after a criminal case has ended

---

[1] *See* https://txkaufmanodyprod.tylerhost.net/PublicAccess/CaseDetail.aspx?CaseID=3861984 (last visited on Aug. 24, 2021).

–2–

and the court's general jurisdiction has expired. *See In re Hogg-Bey*, No. 05-15-01421-CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.) (noting that trial courts also have special jurisdiction to address certain collateral post-conviction matters). Moreover, the court is not required to advise a party when the court determines it lacks authority to take action on the motion, although the preferred and better practice is to give the party such notice. *See id*. at *2.

Because the mandamus record does not show that the trial court has jurisdiction to rule on Holland's motion, Holland has not shown that he has a right to mandamus relief. *See id*. (denying mandamus relief on similar facts; *In re Embry*, No. 05-16-00211-CV, 2016 WL 1179545, at *1 (Tex. App.—Dallas Mar. 28, 2016, orig. proceeding) (mem. op.) (same).

### III.   Disposition

For the foregoing reasons, we deny relator's petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210435F.P05