**DENIED and Opinion Filed October 22, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-00674-CV**
**No. 05-21-00675-CV**

**IN RE LAWRENCE ALLEN FULLER, Relator**

**Original Proceedings from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F97-01742-RJ & F97-02170-TJ**

## MEMORANDUM OPINION
Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Lawrence Allen Fuller has filed a petition seeking a writ of mandamus to compel the trial court that convicted him of two aggravated robbery offenses to issue a ruling on a motion for post-conviction DNA testing that he alleges he filed in 2017. Because relator's petition is not supported by a sufficient, properly authenticated record, we deny relief without prejudice to refiling.

To obtain mandamus relief compelling the trial court to rule on his motion, relator must file with his petition a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file

an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

To obtain mandamus relief, relator's record must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam).

To support his petition, relator has filed copies of the judgments and indictments in his cases, three file-stamped letters serving as reminders that the motion is pending, and a copy of an email message from a deputy district clerk regarding the cost of copies of motions. Relator has not filed a copy of the motion requesting post-conviction DNA testing for which he seeks mandamus.

The motion for post-conviction DNA testing is a "document showing the matter complained of" and a material document to relator's claim for relief that was

filed in the underlying proceedings. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Moreover, the documents appellant has filed are neither certified nor sworn copies.

To qualify as sworn copies, relator would need to attach the documents to an affidavit or an unsworn declaration conforming to section 132.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding); *In re Hughes*, 607 S.W.3d 136, 138 n.2 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The affidavit or unsworn declaration must show the affiant or declarant has personal knowledge of the documents and the statements about the documents must be direct and unequivocal such that perjury can be assigned to them. *See Butler*, 270 S.W.3d at 759. An affidavit meets the requirements of rule 52 if it states under penalty of perjury that the affiant or declarant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See id.* An unsworn declaration, when filed by an inmate, must be signed by the inmate; must state under penalty of perjury that the documents are true and correct copies of the originals; and must include the information set forth in section 132.001: the inmate's name; date of birth; inmate identifying number; prison unit; and the city, county, state, and zip code for the prison unit. *See Hughes*, 607 S.W.3d at 138 n.2.

With some of his documents, relator has filed a statement purporting to certify that the documents are exact copies of what he has filed. None of the certifications

are made under penalty of perjury and none of them bear relator's signature. The certifications are not affidavits nor do they satisfy the requirements of section 132.001 to qualify the documents as sworn copies. *See Butler*, 270 S.W.3d at 758–59 (concluding affidavit was inadequate to authenticate appendix where it stated documents were "to my knowledge true and correct copies of the original documents"); TEX. CIV. PRAC. & REM. CODE ANN. § 132.001.

Without a properly authenticated record, relator cannot show that he filed the motion, requested a ruling, reminded the trial court that the motion was pending, and that the trial court refused to rule on the motion. *See Prado*, 522 S.W.3d at 2. Thus, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

We deny the petition for writ of mandamus without prejudice to filing a new petition for writ of mandamus accompanied by an authenticated record. *See* TEX. R. APP. P. 52.8(a).

/Bill Pedersen, III//

210674f.p05
210675f.p05

BILL PEDERSEN, III
JUSTICE

–4–