**Petitions for Writs of Mandamus Denied in Part and Dismissed in Part and Memorandum Opinion filed May 5, 2022.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-22-00179-CR**
**NO. 14-22-00180-CR**
**NO. 14-22-00181-CR**
**NO. 14-22-00182-CR**
**NO. 14-22-00183-CR**

**IN RE DANIEL HOSKINS, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1618216, 1628507, 1628513, 1628514 & 1705847**

## MEMORANDUM OPINION

On March 14, 2022, relator Daniel Hoskins filed petitions for writs of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petitions, relator asks this court to compel respondents the Honorable

Kelli Johnson, presiding judge of the 178th District Court of Harris County, and Jessica Caird, Harris County Assistant District Attorney, to set aside relator's indictments for failure to provide a speedy trial.

## ANALYSIS

### Trial Court Judge

Relator has not shown that he is entitled to mandamus relief with respect to Judge Johnson. To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *Powell v. Hocker*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

A defendant may raise any complaint that the trial court violated his right to a speedy trial in a direct appeal. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding); *In re Wood*, No. 01-03-00839-CV, 2003 WL 22100710, at *1 (Tex. App.—Houston [1st Dist.] Sept. 11, 2003, orig. proceeding) (mem. op.). Therefore, relator has not established that he does not have adequate remedy at law. *See Prado*, 522 S.W.3d at 2; *Wood*, 2003 WL 22100710, at *1. The petitions are denied as to Judge Johnson.

### Assistant District Attorney

This court does not have jurisdiction to issue a writ of mandamus against an assistant district attorney. This court's mandamus jurisdiction is governed by section 22.221 of the Government Code. A court of appeals may issue writs of mandamus against: (1) a judge of a district, statutory county, statutory probate county, or county

2

court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Family Code in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a).

An assistant district attorney is not among the parties specified in section 22.221(b). *See id.* § 22.221(b). Moreover, relator has not shown that the issuance of writs compelling the requested relief is necessary to enforce our appellate jurisdiction. *See id.* § 22.221(a). Therefore, we lack jurisdiction to issue writs of mandamus against an assistant district attorney.

## CONCLUSION

Relator's petitions are denied in part as to respondent Judge Johnson and dismissed for want of jurisdiction in part as to respondent Harris County Assistant District Attorney Caird.[1]

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] On March 25, 2022, we advised relator that we lacked jurisdiction over the part of his petition for writ of mandamus seeking a writ against Harris County Assistant District Attorney Caird and gave relator 21 days to respond and demonstrate that we have jurisdiction over Caird. Relator did not respond.