**DENY and Opinion Filed September 28, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00990-CV

### IN RE SHEDRICK THORNTON, Relator

**Original Proceeding from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F-1476804-H**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on his article 11.072 application for writ of habeas corpus. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To seek mandamus relief from a trial court's failure to rule, a relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3, 52.7. Here, relator has filed with the petition only unauthenticated documents, rather than certified or sworn copies of the motions and other relevant documents as the rules require. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). Without a properly authenticated record, relator has not carried his burden. *See Butler*, 270 S.W.3d at 758–59.

Additionally, relator has not shown that he brought the pending application to the trial court's attention or reminded the trial court by letter that the application is pending. *See In re Prado*, 522 S.W.3d at 2; *In re Rangel*, 570 S.W.3d 968, 969 (Tex. App.—Waco 2019, orig. proceeding). Without such a showing, relator cannot demonstrate he is entitled to mandamus relief against the trial court for failing to rule on a pending application.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


220990f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE