**DENIED and Opinion Filed March 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00113-CV**

**IN RE JANE LYNCH, Relator**

**Original Proceeding from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-22-A2151**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Kennedy
Opinion by Justice Smith

In this original proceeding, Jane Lynch petitions for a writ of mandamus to compel the county criminal court of appeals ("CCCA" herein) to rule on an amended motion for reconsideration she filed seeking relief from an order the CCCA entered denying her mandamus relief. The mandamus proceeding in the CCCA arose from two convictions in municipal court that relator wanted to appeal without filing the necessary appeal bond. *See* TEX. GOV'T CODE ANN. § 30.00015 (requiring defendant to post appeal bond before taking an appeal from judgment of municipal court of record). Relator took the position that she should not have to file an appeal bond because a county court had entered an order finding her indigent in unrelated litigation several months before her effort to appeal the municipal court judgments.

Relator reports that the amended motion for reconsideration at issue in this mandamus proceeding was overruled by operation of law. Relator concludes she was denied the right to appeal the municipal court judgments.

To establish a right to mandamus relief in a criminal case, relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To obtain mandamus relief for a trial court's failure to rule on a motion, relator must show that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding).

Relator bears the burden to provide the Court with a sufficient record to establish her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3, 52.7. The record must contain certified or sworn copies of all relevant orders and material documents that show the matter complained of or that were filed in the underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

To meet her burden, relator has attached to her amended petition uncertified and unsworn copies of the order from the CCCA denying her petition for writ of mandamus and a cache of emails between relator and court officials on which relator has placed her own editorial headings. Relator's petition includes a verification of

the documents, but it is insufficient to authenticate the documents as sworn copies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(d).

In addition to the documents not being properly authenticated, relator's record is also incomplete. The record does not include copies of the amended mandamus petition and the motion for reconsideration relator contends the CCCA should have granted. Nor are there any documents showing her municipal court convictions, efforts to effectuate her appeal, or showing that her appeal was dismissed. Thus, relator has failed to provide a record of certified or sworn documents sufficient to support her petition. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

In addition to the problems with her record, relator also cannot show that the respondent court violated a ministerial duty to rule on her amended motion. A motion for reconsideration is equivalent to a motion for new trial. *See In re Gonzalez*, No. 04-18-00170-CR, 2018 WL 1610916, at *1 (Tex. App.—San Antonio Apr. 4, 2018, orig. proceeding) (per curiam) (mem. op., not designated for publication). Trial courts do not have a ministerial duty to rule on motions for reconsideration because the passage of time will overrule them by operation of law. *See id*. Relator concedes her motion for reconsideration was overruled by operation of law. Thus, relator cannot show the CCCA violated a ministerial duty by failing to rule on her motion for reconsideration rather than allowing it to be overruled by operation of law. *See id*.

Because relator's petition is not supported with a proper record and because relator has not established the trial court had a legal duty to rule on her amended motion for reconsideration, we conclude relator has not shown she is entitled to mandamus relief. *See Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 759; *Gonzalez*, 2018 WL 1610916, at *1.

Accordingly, we deny the petition. *See* TEX. R. APP. P. 52.8(a).

/Craig Smith/
CRAIG SMITH
JUSTICE

230113F.P05

–4–