**DENIED and Opinion Filed March 29, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00136-CV**

**IN RE DENNIS JEROME PIERCE, Relator**

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F02-24969-Q**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Kennedy
Opinion by Justice Kennedy

In this original proceeding, Dennis Jerome Pierce has filed a petition for writ of mandamus seeking to compel the trial court to rule on a "Request for Judgment of Nunc Pro Tunc to Properly Reflect Court Ruling and Correct an Illegal Sentence" he allegedly filed on September 29, 2022.

Relator's petition is improperly certified with an unsworn declaration declaring "under penalty of perjury that the foregoing document is true and correct to the best of my knowledge." *See* TEX. R. APP. P. 52.3(j) (requiring relator to certify that he has reviewed the petition and concluded that all factual statements are supported by competent evidence in appendix or record).

Additionally, relator's petition is not supported by an adequate record. To obtain mandamus relief for a trial court's failure to rule on a motion, the relator must show that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding). Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The record must contain certified or sworn copies of all relevant orders and material documents that show the matter complained of or that were filed in the underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's record consists of unsworn, uncertified copies of a page from the reporter's record of relator's 2013 adjudication hearing, the judgment adjudicating relator's guilt, a certified mail receipt showing the district clerk received something from relator on September 29, 2022, and a printout of relator's prison time credit. There is no copy of the motion for judgment nunc pro tunc at issue nor is there anything that would establish the motion has been filed, presented to the trial court, and the trial court has failed to rule on it.

Without a properly certified petition supported by a record of certified or sworn copies of material documents, relator cannot show he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *Prado*, 522 S.W.3d at 2; *In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding).

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

230136F.P05