**DENIED and Opinion Filed May 10, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00342-CV

### IN RE HOWARD HOLLAND, Relator

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29317D-422**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

In his petition for writ of mandamus, relator asks us to compel the trial court to rule on an application for a writ of habeas corpus that he alleges he filed on May 26, 2022.

To obtain mandamus relief compelling the trial court to rule on a motion, a relator must show (1) the trial court had a legal duty to rule on the motion, (2) the relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). It is relator's burden to provide a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). A relator's status

as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

Rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires a relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Here, relator filed with his petition an unsworn declaration wherein he provided his identifying information and then stated: "I declare under penalty of perjury that the foregoing is true and correct." It is not clear whether relator included this declaration in order to swear to documents included in his mandamus record. To the extent he did, we conclude his unsworn declaration is insufficient to meet the requirements of rule 52.3(k)(1)(A) and 52.7(1)(a). *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, no pet.) (discussing requirements of affidavits filed in support of a petition for writ of mandamus); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (setting out requirements for unsworn declarations); *In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas January 7 2020, orig. proceeding) (mem. op.) (acknowledging unsworn declarations may

substitute for affidavits in original petitions seeking a petition for writ of mandamus if they meet the requirements of section 132.001).

Relator's unsworn declaration included no particular statement wherein he declared under penalty of perjury that any document included in his appendix or record was a true and correct copy of the original.

We conclude that relator has failed to meet his burden to provide a sufficient record. Accordingly, we deny the petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230342F.P05