**DENIED and Opinion Filed September 7, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00864-CV**
**No. 05-23-00865-CV**

**IN RE RICHARD LEE CORTEZ, Relator**

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-33286-T, F17-33287-T**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

In his petitions for writ of mandamus, relator asks us to compel the trial court to rule on a motion for new trial that he claims he filed on April 10, 2023.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). When the requested relief is to compel a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding)

(mem. op.). It is relator's burden to provide a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petitions do not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(a)–(h), 52.3(j)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator failed to certify his petitions.

Additionally, Rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator failed to include with his petitions any documents material to his claim for relief.

Accordingly, we deny relator's petitions for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230864F.P05

–2–