**DENIED and Opinion Filed October 11, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00930-CV

## IN RE JOSHUA SKINNER, Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F1520176**

## MEMORANDUM OPINION
Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Kennedy

Before the Court is relator's September 21, 2023 petition for writ of mandamus. This Court previously affirmed, as modified, relator's conviction for aggravated sexual assault of a child under the age of fourteen. *See Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023, at *1 (Tex. App.—Dallas July 24, 2018, pet. ref'd) (mem. op., not designated for publication). In his petition, relator contends the trial court has not ruled on his motion for post-conviction DNA testing.

Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Read*, No. 05-21-01014-CV, 2021 WL 6194726, at *1 (Tex. App.—Dallas Dec. 31, 2021, orig. proceeding) (mem. op.). Relator's petition, however, does not comply with the Texas Rules of Appellate

Procedure in several respects. *See* TEX. R. APP. P. 52.1, 52.3(a)–(c), (d)(1)–(3), (f)–(h), (j), (k)(1)(A), 52.7(a)(1). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Relator included a signed certification wherein he stated "that the above and foregoing is true and correct to the best of [his] knowledge and belief." But this certification does not satisfy the requirements of rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *Read*, 2021 WL 6194726, at *1 ("The certification must state substantially what is written in rule 52.3(j).").

Additionally, a relator must file a "certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1). And a relator is required to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Although relator included a certified copy of a notification, none of the other documents relator included in his appendix is a sworn or certified copy. It is relator's burden to provide a record sufficient to show his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a certified petition and authenticated record, relator has not carried his burden. *See In re Kirk*, No. 05-22-00363-CV, No. 05-22-00364-CV, No. 05-22-00365-CV, 2022 WL 1514677, at *1 (Tex. App.—Dallas May 13, 2022, orig. proceeding) (mem. op.).

Additionally, to obtain mandamus relief based on a failure to rule, a relator must show the trial court had a legal duty to rule on the motion, relator requested a ruling, and the trial court failed or refused to issue a ruling. *Read*, 2021 WL 6194726, at *1 (citing *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.)). Relator, however, has not shown that he has brought his purported motion to the trial court's attention or reminded the trial court that his purported motion is still pending. *See id.* Without such a showing, relator cannot show he is entitled to mandamus relief. *Id*.

Accordingly, we deny the petition.

Relator also filed a Motion for Leave to File an Application for Writ of Mandamus and Motion to Suspend a Rule. We deny both motions as moot. We note that it is not necessary to request leave to file a petition for writ of mandamus. *See* TEX. R. APP. P. 52.1; *In re Brager*, No. 05-20-00544-CV, 2020 WL 3055901, at *1 (Tex. App.—Dallas June 9, 2020, orig. proceeding) (mem. op.).

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

230930F.P05

–3–