**DENIED and Opinion Filed November 28, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01077-CV**

**IN RE JOSHUA SKINNER, Relator**

**Original Proceeding from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. X23-211-M**

# MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Goldstein

Before the Court is relator's October 30, 2023 petition for writ of mandamus.

In his petition, relator seeks to compel the trial court to rule on his motion for

expunction of criminal records.

To establish a right to mandamus relief in a criminal case, a relator must show

that the trial court violated a ministerial duty and there is no adequate remedy at

law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig.

proceeding). When the requested relief is to compel a trial court to rule on a motion,

the relator must show (1) the trial court had a legal duty to rule on the motion,

(2) the relator requested a ruling, and (3) the trial court failed or refused to do so

within a reasonable time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017,

orig. proceeding) (mem. op.). It is the relator's burden to provide a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.1, 52.3(b)–(d), 52.3(f)–(g), 52.3(j)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). We are bound by this Court's precedent requiring exceptionally strict compliance with rule 52.3(j)'s requirements. *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.). Relator included a certification stating "that the above and foregoing is true and correct to the best of [his] belief and knowledge." This certification does not satisfy the requirements of rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Additionally, rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in

any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). None of the documents included with relator's petition are certified or sworn copies.

Accordingly, we deny relator's petition for writ of mandamus.

Relator also filed a Motion for Leave to File an Application for Writ of Mandamus and Motion to Suspend a Rule. We deny both motions as moot. We note that it is not necessary to request leave to file a petition for writ of mandamus. *See* TEX. R. APP. P. 52.1; *In re Brager*, No. 05-20-00544-CV, 2020 WL 3055901, at *1 (Tex. App.—Dallas June 9, 2020, orig. proceeding) (mem. op.).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
231077F.P05                          JUSTICE