**DENIED and Opinion Filed February 7, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00023-CV

## IN RE PATRICK ROUGHNEEN, M.D., CHERIE ROUGHNEEN, AND PATRICK T. ROUGHNEEN, M.D., P.A., Relators

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-14053**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Kennedy

Before the Court is relators' petition for writ of mandamus. In their petition, relators contend that the trial court has failed to rule on four pending motions within a reasonable amount of time.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). When the requested relief is to compel a trial court to rule on a motion, the relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within

a reasonable time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). It is the relator's burden to provide a record sufficient to establish its right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relators' petition does not comply with the Texas Rules of Appellate Procedure. *See, e.g.*, TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1), (2). For instance, none of the documents included in relators' appendix or record are properly certified or sworn copies. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *see also In re Romero*, No. 05-23-00922-CV, 2023 WL 6226322, at *1 (Tex. App.—Dallas Sept. 26, 2023, orig. proceeding) (mem. op.); *In re Lancaster*, No. 05-23-00381-CV, 2023 WL 3267865, at *1 (Tex. App.—Dallas May 5, 2023, orig. proceeding) (mem. op.). Additionally, under Rule 52.7(a)(2), relators were required to file with their petition either a properly authenticated transcript of any relevant testimony from any underlying proceeding or a statement that no testimony was adduced in connection with the matter complained. *See* TEX. R. APP. P. 52.7(a)(2). Relators provided neither despite the record reflecting at least eight hearings relevant to the motions at issue. Even if no testimony was adduced at these hearings, the hearings appear material to relators' claim for relief. *See* TEX. R. APP. P. 52.7(a)(1). Therefore, we also conclude that relators have failed to carry their burden to provide a record sufficient to establish entitlement to mandamus relief.

Accordingly, we deny relators' petition for writ of mandamus.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

240023F.P05