**DENIED and Opinion Filed February 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00021-CV**

**IN RE LOGICAL SYSTEMS, INC. D/B/A LOGICAL SYSTEMS, LLC, Relator**

**Original Proceeding from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-01109-B**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Reichek

Before the Court are relator's petition for writ of mandamus and motion for temporary relief. In its petition, relator seeks to compel the trial court to rule on a motion to dismiss. In its motion for temporary relief, relator seeks to stay all trial court proceedings pending our action on the petition.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). When the requested relief is to compel a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator

requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). It is relator's burden to provide a record sufficient to establish its right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petition does not comply with the Texas Rules of Appellate Procedure. For example, under Rule 52.7(a)(2), relator was required to file with its petition either a properly authenticated transcript of any relevant testimony from any underlying proceeding or a statement that no testimony was adduced in connection with the matter complained. *See id.* Relator provided neither despite the record reflecting two hearings on the motion to dismiss at issue. Even if no testimony was adduced at these hearings, both hearings appear material to relator's claim for relief. *See* TEX. R. APP. P. 52.7(a)(1). Therefore, we also conclude that relator has failed to carry its burden to provide a record sufficient to establish entitlement to mandamus relief.

Additionally and alternatively, notwithstanding these defects, after reviewing relator's petition and the record before us, we conclude that relator has failed to show that the trial court failed or refused to rule on the motion at issue within a reasonable time. *See In re Prado*, 522 S.W.3d at 2. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also deny relator's motion for temporary relief as moot.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

240021F.P05