**Dismissed in part and Denied in part; and Opinion Filed November 1, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-24-01028-CV**
_____

**IN RE ERIC DRAKE, Relator**

**Original Proceedings from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-76307**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Smith
Opinion by Justice Smith

Before the Court is relator's August 30, 2024 petition for writ of mandamus. In his petition, relator raises several issues challenging the transfer of his case to the 204th Judicial District Court, the respondent's failure to rule or act on a motion to recuse, alleged violations of his right to a speedy trial, and the appointment of a visiting judge.

To obtain mandamus relief, relator must show that he has no adequate remedy at law for obtaining the relief he seeks and that he has a clear right to the relief. *Powell v. Hocker*, 516 S.W.3d 488, 494–495 (Tex. Crim. App. 2017) (orig. proceeding). Where the trial court's conduct in a criminal proceeding is involved,

the relator must demonstrate that the act he seeks is ministerial, not judicial, in nature. *Id.* Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987); *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding). A relator must establish that the respondent (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to do so within a reasonable time. *In re Noble*, No. 05-23-00322-CV, 2023 WL 2910619, at *1 (Tex. App.—Dallas April 12, 2023, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *In re Prado*, 522 S.W.3d at 2 (first citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); and then citing Tex. R. App. P. 52.3(k), 52.7(a)).

After reviewing relator's petition and the record before us, we requested a response limited to the following issue: whether respondent Judge Tammy Kemp failed to comply with a duty imposed by rule 18a of the Texas Rules of Civil Procedure. We received a response from the State advising that Judge Kemp has signed an order recusing herself and attaching a copy of the recusal order. Because relator has obtained the relief sought with respect to Judge Kemp's compliance with rule 18a, we conclude that this issue and relator's issue regarding the transfer of his case to the 204th Judicial District Court are now moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (there is nothing to mandamus when relief sought has become moot). Accordingly, we dismiss relator's petition to

–2–

the extent it relates to Judge Kemp's compliance with rule 18a and the transfer of his case to the 204th Judicial District Court. *See id.*

Regarding all remaining issues raised by relator's petition, we conclude that relator has failed to demonstrate entitlement to mandamus relief. We therefore deny relator's petition as it relates to his remaining issues. *See* TEX. R. APP. P. 52.8(a).

/Craig Smith/
CRAIG SMITH
JUSTICE

241028F.P05