

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00277-CR

## IN RE JACKIE RUSSELL KEETER

_____

## Original Proceeding

_____

## CONCURRING OPINION

The problem of trial courts failing to rule on pending motions is an ongoing problem. For the reasons expressed in my concurring opinion in *In Re Rangel*, 570 S.W.3d 968, 970-971 (Tex. App.—Waco 2019, orig. proceeding), I continue to believe that we are wasting resources by not having a better procedure than the existing case authority on when to deny a petition for writ of mandamus when the petitioner is an inmate trying to simply get a ruling on a motion. *See* Appendix A. The prophylactic measure that seems to work is a request for a response in a form that advises the respondent and the real-party-in-interest that a ruling on the motion may be submitted in lieu of a response to the petition. *See* Appendix B. While the Court's precedent supports the Court's ruling in this case, that precedent has proven to be inefficient and ineffective in practice for actually

getting the pending motion ruled upon. Thus, while I concur in the judgment of the Court denying the petition, for the reasons stated, I respectfully suggest that there is a better way to actually get the issue resolved which would be to request a response similar to the order utilized in Appendix B.

TOM GRAY
Chief Justice

Concurring opinion issued and filed August 28, 2019





**IN THE
TENTH COURT OF APPEALS**

---

**No. 10-19-00014-CR**

**IN RE JERRY RANGEL**

---

**Original Proceeding**

---

## CONCURRING OPINION

Over a year ago, the defendant filed a motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. It has not been ruled upon. It appears that even after this Court requested a response to the petition for writ of mandamus, it nevertheless still has not been ruled upon. So now we must address the merits of a petition for writ of mandamus.

The State goes to great efforts in its response to show that the motion was forwarded to the Court of Criminal Appeals. Why? The Court notes that the motion was promptly forwarded to the Court of Criminal Appeals. Why? Both are good questions

not addressed by the Court. It was forwarded to the Court of Criminal Appeals apparently because Rangel put the letter "A" after the cause number on the Chapter 64 DNA testing motion (he contends in his response that the Clerk did it). The cause number plus the letter "A" is apparently the number assigned to his post-conviction application for an 11.07 writ. We have been repeatedly told that we should determine what a document is by the content, not the title, of the document. Here, both the content and the title confirm that the document is a Chapter 64 post-conviction motion for DNA testing.

It is unfortunate that the number applied to the motion matched the docket number for the post-conviction 11.07 application. If nothing had happened to cause this oversight to come to the attention of the clerk and the State, and if the response to the petition had been more in the nature of: "We see what happened. We'll get right on that Chapter 64 DNA motion so that you do not have to spend your time addressing the petition for a writ of mandamus," I would be okay with what we do here, now, in this proceeding. But, after more than 30 days had passed after the motion was filed, Rangel moved for findings and conclusions on his DNA motion; doing what he could to bring attention to the motion he had previously filed. It seems that no one did anything in response to this motion. No, "Ooops, we forwarded that motion to the Court of Criminal Appeals as part of the 11.07 writ, which it clearly was not intended to be part of." Nothing was done. So finally, Rangel files a petition for a writ of mandamus. Maybe his better course of action was to write the clerk, and the court coordinator, and the trial court judge asking about the status and possibly requesting a hearing on his motion. But a "hearing" or even a request for a hearing would have been premature. It is important

to notice that the statute requires the trial court and the State to take action, prior to any hearing, upon receipt of the motion. TEX. CODE CRIM. PROC. ANN. art 64.02 (West 2018).[1]

The State, as the real party in interest in this proceeding, and the Court, fault Rangel for not bringing forth any evidence that his motion for post-conviction DNA testing was actually brought to the attention of the trial court. Technically that is correct. But then ask yourself; how exactly is an inmate supposed to do that? It is not like he can take a copy to the trial court's office, courtroom, or home to "serve" the trial court with a copy of the motion. And no matter how many letters the inmate writes, in all likelihood those letters are going straight to a file in the clerk's office. Although those letters may possibly get as far as the court coordinator, they do not necessarily make it to the trial court, even if addressed for delivery only to the trial court judge. But even then, how is the inmate supposed to get any evidence that the trial court was actually made aware of the motion? This Court requested a response from the parties. The trial court is a party, the respondent. We could infer from that procedure the trial court is now aware of the motion. Maybe Rangel can now use this proceeding and that inference to compel a ruling if one is not timely received after this court's opinion and judgment issue.

---

[1]Article 64.02(a) provides:
    (a) On receipt of the motion, the convicting court shall:
        (1) provide the attorney representing the state with a copy of the motion; and
        (2) require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:
            (A) deliver the evidence to the court, along with a description of the condition of the evidence; or
            (B) explain in writing to the court why the state cannot deliver the evidence to the court.

Since we will have ruled on the mandamus and as part of that we will send a copy of the opinion and judgment to the trial court, will that be "evidence" that the trial court has "received" the motion? Not really. It is only evidence that he might be aware of it.

At some point, the sworn allegation that the movant has filed the motion and requested a ruling should be enough. I am disappointed that there is no procedure in the statute or the rules, or even within the county's (district clerk's) filing system, to cause the filing of motions pursuant to Chapter 64 to trigger the action by the trial court and the State that the statute requires. *Id*. 64.02(a). But the trial court's requirement to start the process by providing a copy to the "attorney representing the state" and the requirement for that attorney to take one of several alternative actions, begins only when "the convicting court" is in "receipt" of the motion. *Id*. So we are back to where we started. How can the inmate prove when the convicting trial court received the motion?

It would avoid the waste of a lot of resources if the trial court would simply take the required action on the motion. Now that it is over a year after the motion was filed, and the State and, we must infer, the trial court are aware of the filing of the motion, it is not unreasonable to expect action as required by the statute forthwith, including, if appropriate, the appointment of counsel? A ruling, any ruling, would avoid the interminable delay and unnecessary consumption of judicial resources caused by the pursuit of a mandamus. And a mandamus seems to be an extraordinarily inefficient way to create the evidence necessary for a successive mandamus in which the inmate can show that the trial court has been made aware of the Chapter 64 motion that has been filed.

While I think the better course of action would be to conditionally issue the writ to compel the trial court's compliance with the statute regarding the procedure for post-conviction DNA testing pursuant to Texas Code of Criminal Procedure Chapter 64, I concur in the Court's judgment but not its opinion.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed March 13, 2019

**Appendix "B"**



# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-19-00266-CR

## IN RE CHARLES ROBERT BLAKE

---

## Original Proceeding

---

# ORDER

---

The Clerk of this Court received a document from relator, Charles Robert Blake, on August 5, 2019. We have determined the document to be a petition for writ of mandamus which the Clerk filed on August 12, 2019. The petition was not served as required the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5. However, we use Rule 2 to dispense with the service requirements and proceed to the issuance of this order. *See* TEX. R. APP. P. 2.[2]

---

[2] Because the State may access Jones' petition and attachment through the Court's website, we do not include a copy of those documents with this order.

In an effort to expedite the ultimate determination of the issue presented in the enclosed mandamus proceedings, the Court requests a response to the mandamus. Any response, from the respondent or the real party in interest, must be filed within 7 days from the date of this notice.

The attention of the parties in this matter is brought to the fact that a ruling on the pending motion would make this proceeding moot. Thus, if a ruling on the motion has been or is made before the due date for the response, a copy of the ruling may be provided to this Court in lieu of a response.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Response requested
Order issued and filed August 16, 2019
[RWR]

