

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-20-00003-CR

## IN RE ANTHONY CHATMON

_____

## Original Proceeding

## DISSENTING OPINION

I get it. It is believed that persons in jail have nothing but time and file documents asking for relief to which they are clearly not entitled. Over a long period of time, a judge can become skeptical of all such requests for relief. This skepticism can cause some to find the quick "out" upon which to dispose of a claim, whether it is purely procedural or something more substantial such as the inmate has failed to attach a necessary or helpful document or make a properly worded request for relief. **And to be clear, I am not saying that is what the Court is doing in this instance.** After all, the Court could have summarily denied the petition; but instead, the Court has explained to the inmate what is lacking in his petition for writ of mandamus and mandamus record. But after doing this for a long period of time, some judges also develop a warning system that is activated

when something does not "smell" right. Because in this proceeding my olfactory detectors have been activated, I would request a response.

The allegations in the petition for writ of mandamus seem to indicate that something is amiss. The petitioner alleges that in 2014 he was sentenced to five years in prison. His fifth-year anniversary has come and gone, and he is still in prison. He asserts TDCJ has calculated that he has completed 133% of his required time. He has filed a motion in the trial court in an effort to determine why he has not been released. The motion has been on file for more than 60 days without a ruling. Maybe the motion is not artful, maybe it is not technically compliant, or maybe it needs to be an 11.07 petition for writ of habeas corpus on the 11.07 writ form, but somebody needs to look at this situation. Based on what we have in front of us, I would request a response.

I mean, after all, how long is long enough for a trial court to rule if the motion indicates that the inmate might be entitled to immediate release because his full time has been served. Does the inmate have to wait and serve another 30 extra days to file a new mandamus petition? Another 60 days? How long is long enough if he was entitled to his freedom yesterday? I would request a response.

Maybe it is obvious to everyone but me why this inmate is not entitled to be heard "PDQ." Maybe the State could look at this and respond with some type of quick explanation such as: "He is no longer incarcerated on the original charge. He was convicted of another offense while in prison and he is now doing his time on that conviction." It might be just that simple. And if the trial court knew that, maybe the trial court would simply deny the motion on which the inmate wants a ruling. But so that this

Court, and possibly the trial court, and maybe the Court of Criminal Appeals can make an educated decision about this matter, I would request a response.

For the reasons expressed, I would request a response. Because the Court denies the relief requested without requesting a response, I respectfully dissent. *See In re Rangel*, 570 S.W.3d 968, 970-971 (Tex. App.—Waco 2019, orig. proceeding) (Gray, C.J., concurring).

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed January 29, 2020

