**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed February 8, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00674-CR

## IN RE DOMINGO AMARO-SOLIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1477624**

## MEMORANDUM OPINION

On November 19, 2021, relator Domingo Amaro-Solis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Te'iva Bell, presiding judge of the 339th District Court of Harris County, to rule on relator's motion for DNA testing. We conditionally grant the petition.

ANALYSIS

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *Powell v. Hocker*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). To be entitled to mandamus relief, a relator must show (1) the motion was filed and brought to the attention of the trial court for a ruling, and (2) the trial court has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

As the party seeking mandamus relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). We previously denied another mandamus petition filed by relator, in which he sought the same relief, because relator had not established that his motion was pending in the trial court or that the motion had been brought to the attention of the trial court. *See In re Amaro-Solis*, No. 14-21-00484-CR, 2021 WL 4203486, at *1 (Tex. App.—Houston [14th Dist.] Sept. 16, 2021, orig. proceeding) (mem. op., not designated for publication). By including certified, file-stamped copies of his motion for DNA testing and his letter requesting that the trial court rule on this

2

motion in the mandamus record currently before this court, relator has now established that he filed his motion for DNA testing on June 1, 2021, and asked the court to rule on the motion on June 25, 2021.[1] Having determined that relator's motion is pending in the trial court and was brought to the court's attention, we must consider whether the motion has pending for an unreasonable time without a ruling.

A trial court has a reasonable time within which to perform its ministerial duty to rule on a properly pending motion. *In re Rangel*, 570 S.W.3d 968, 969 (Tex. App—Waco 2019, orig. proceeding). No bright-line demarcates the boundaries of a reasonable time period. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Relator's motion for DNA testing has been pending in the trial court without a ruling for eight months. We conclude that a reasonable time has passed for the trial court to have ruled on the motion.

### CONCLUSION

We hold that the trial court failed to perform its ministerial duty to rule on relator's properly filed motion for DNA testing within a reasonable time after having been asked to do so and relator does not have an adequate remedy by appeal. We conditionally grant relator's petition for writ of mandamus and order the trial court to rule on relator's motion for DNA testing on or before March 10, 2022. We are

---

[1] Relator also failed to include a jurat that satisfied the requirements of Section 132.001 of the Texas Civil Practice and Remedies Code in his first mandamus petition. *See Amaro-Solis*, 2021 WL 4203486, at *1 (citing Tex. Civ. Prac. & Rem. Code § 132.001). Relator has cured this defect by including a jurat, which meets the requirements of section 132.001.

3

confident that the trial court will act in accordance with this opinion and the writ will issue only if the court fails to do so.[2]

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Upon our request, the State filed a response, in which it agrees that relator is entitled to mandamus relief and "prays that this Court will grant Relator's petition for writ of mandamus."