

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-22-00313-CR

## IN RE REGINALD DAVIS

---

## Original Proceeding

## From the 443rd District Court
## Ellis County, Texas
## Trial Court No. 45398-CR

---

## MEMORANDUM OPINION

---

Relator's Petition for Writ of Mandamus filed on September 26, 2022, is denied.


STEVE SMITH
Justice


Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
(Chief Justice Gray concurring)*
Petition denied
Opinion delivered and filed October 5, 2022
Do not publish
[OT06]



*(Chief Justice Gray concurs. A separate opinion will not issue. Chief Justice Gray provides the following note. Davis alleges he filed a motion for a judgment nunc pro tunc on or about May 25, 2022. His motion is to correct the amount of time credit. Davis alleges that as of September 22, 2022, the trial court has not ruled on the motion. All Davis wants is a ruling on his motion. It is highly unlikely that the trial court has even been made aware of the motion, and, being incarcerated, Davis has no effective way to bring his motion to the trial court's attention. I do not know if four months is enough time to rule on this type of motion by a busy trial court judge as the judicial system is coming out of a pandemic.

As I have said before:

> The problem of trial courts failing to rule on pending motions is an ongoing problem. For the reasons expressed in my concurring opinion in *In Re Rangel*, 570 S.W.3d 968, 970-971 (Tex. App.—Waco 2019, orig. proceeding), I continue to believe that we are wasting resources by not having a better procedure than the existing case authority on when to deny a petition for writ of mandamus when the petitioner is an inmate trying to simply get a ruling on a motion. *See* Appendix A. The prophylactic measure that seems to work is a request for a response in a form that advises the respondent and the real-party-in-interest that a ruling on the motion may be submitted in lieu of a response to the petition. *See* Appendix B. While the Court's precedent supports the Court's ruling in this case, that precedent has proven to be inefficient and ineffective in practice for actually getting the pending motion ruled upon. Thus, while I concur in the judgment of the Court denying the petition, for the reasons stated, I respectfully suggest that there is a better way to actually get the issue resolved which would be to request a response similar to the order utilized in Appendix B.

*In re Keeter*, 2019 Tex. App. LEXIS 7851, *3-4, 2019 WL 4072107 (Chief Justice Gray concurring) (appendices not attached)

To be sure that the issue is timely addressed, I would request a response so that at least the State's attorney and possibly the trial court would be apprised of the motion and the need for a ruling thereon. Nevertheless, because our precedent supports the court's action, I respectfully concur in the court's judgment.)