**DENIED and Opinion Filed May 15, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00302-CV**
**No. 05-23-00304-CV**
**No. 05-23-00305-CV**

**IN RE ERIC WAYNE BENNETT, Relator**

**Original Proceedings from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F01-59108-NM, F01-58893-LM & F01-76112-NM**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Breedlove

In these original proceedings, Eric Wayne Bennett petitions the Court for a writ of mandamus to compel the trial court to rule on his motion for leave to file a successive post-conviction application for writ of habeas corpus which he alleges he filed on May 11, 2022. Relator has also filed a motion for leave to file a petition for writ of mandamus. Because relator does not need to request permission to file his petition, we deny as moot his motion for leave. *See* TEX. R. APP. P. 52.1.

To obtain mandamus relief for a trial court's failure to rule on a motion, the relator must show that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Prado*, 522 S.W.3d 1,

2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator has not met his burden.

Relator's petition is deficient under the rules of appellate procedure. A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Instead of a proper certification, relator's petition bears an "Affidavit of Truth" stating relator does "certify that the foregoing is true and correct to the best of my knowledge, information, and belief." Thus, relator's certification does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.— Dallas 2008, orig. proceeding).

Additionally, there are problems with relator's supporting record. Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached to his petition a copy of his motion for leave, but the copy of the motion is not certified or sworn and thus not properly authenticated under rules 52.3 and 52.7. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Long*, 607 S.W.3d 443, 445, (Tex. App.—Texarkana 2020, orig. proceeding); *In re Hughes*, 607 S.W.3d 136, 138 n.2 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The affidavit or unsworn declaration must affirmatively show the affiant or declarant has personal knowledge of the documents and the statements about the documents must be direct and unequivocal such that perjury can be assigned to them. *See Butler*, 270 S.W.3d at 759.

An unsworn declaration filed by an inmate meets the requirements of rule 52 if it bears the inmate's signature; states under penalty of perjury that the inmate declarant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals; and contains the information set forth in section 132.001, which includes the inmate's name, date of birth, inmate identifying number, prison unit, and the city, county, state and zip code for the prison unit. *See Hughes*, 607 S.W.3d at 138 n.2.

Even if relator had filed an authenticated copy of his motion, his record is incomplete. Relator has not filed any evidence showing that he brought the motion

to the trial court's attention or reminded the trial court by letter that the motion is pending. *See In re Rangel*, 570 S.W.3d 968, 969 (Tex. App.—Waco 2019, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Read*, No. 05-21-01014-CV, 2021 WL 6194726, at *1 (Tex. App.—Dallas Dec. 31, 2021, orig. proceeding) (mem. op.). Merely filing the motion with the trial court clerk does not show the trial court is aware of the motion and the need for a ruling. *See Chavez*, 62 S.W.3d at 228; *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Without such a showing, relator cannot demonstrate he is entitled to mandamus relief against the trial court for failing to rule on a pending motion. *See Prado*, 522 S.W.3d at 2.

We deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

230302f.p05
230304f.p05
230305f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE