

# NUMBER 13-23-00238-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RAUL GONZALES

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Benavides and Longoria
## Memorandum Opinion by Justice Benavides[1]

Relator Raul Gonzales, proceeding pro se, has filed a petition for writ of mandamus seeking to compel the trial court to forward records. Although relator's petition is unclear, it appears that he seeks a copy of "said records" for the purposes of filing an application for writ of habeas corpus pursuant to article 11.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents of a petition in an original appellate proceeding seeking extraordinary relief). Further, the relator must file a record sufficient to support the claim for mandamus relief. *See id.* R. 52.7(a) (specifying the required contents for the record); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig.

2

proceeding); *In re Rangel*, 570 S.W.3d 968, 969 (Tex. App.—Waco 2019, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the lack of a record, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
5th day of June, 2023.

3