**DENIED and Opinion Filed October 17, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00867-CV

### IN RE TOWN OF ADDISON, Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-01398-A**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Reichek

Before the Court is relator's September 1, 2023 petition for writ of mandamus.

The suit underlying this original proceeding is an eminent domain case. On March 24, 2023, the trial court issued an order appointing special commissioners to determine the value of the property at issue and to assess the damages, if any, in accordance with the law. Relator asks this Court to compel the trial court to provide relator with the special commissioners' contact information as required by section 21.014(a) of the Texas Property Code.

"As a rule, mandamus is not available to compel an action which has not first been demanded and refused." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991)

(orig. proceeding). A trial court is not required to consider a motion that has not been called to its attention. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Liverman*, 658 S.W.3d 881, 882–83 (Tex. App.—El Paso 2022, orig. proceeding); *In re Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Rangel*, 570 S.W.3d 968, 969 (Tex. App.—Waco 2019, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). The mere filing of a motion does not establish that the motion was brought to the trial court's attention. *Liverman*, 658 S.W.3d at 882–83; *Gomez*, 602 S.W.3d at 74; *Blakeney*, 254 S.W.3d at 662.

Relator bears the burden of providing the Court with a sufficient record to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Although relator filed a motion asking the trial court to provide the special commissioners' contact information as an alternative to other relief requested, the record before us does not show relator called the motion to the trial court's attention and requested a ruling. Therefore, relator failed to establish that it first demanded provision of the contact information and the trial court refused. *See Terrazas*, 829 S.W.2d at 723.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230867F.P05