

# NUMBER 13-23-00494-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRANCISCO PEREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

Pro se relator Francisco Perez filed a petition for writ of mandamus reasserting claims made in a separate original proceeding and raising additional claims regarding the ineffective assistance of counsel. *See In re Perez*, No. 13-23-00394-CR, 2023 WL 5918106, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 11, 2023, orig. proceeding)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(mem. op., not designated for publication) (dismissing Perez's petition for writ of mandamus against the district clerk for lack of jurisdiction); *see also Perez v. State*, No. 13-23-00079-CR, 2023 WL 3116760, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 27, 2023, no pet.) (mem. op., not designated for publication) (dismissing Perez's appeal because the trial court's certification failed to show the right to appeal).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3. Further, the relator must file a record sufficient to support the claim for mandamus relief.

2

*See id.* R. 52.7(a); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *In re Rangel*, 570 S.W.3d 968, 969 (Tex. App.—Waco 2019, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Perez has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of November, 2023.