

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00116-CR

## IN RE CHRISTIAN ESQUIVEL

**Original Proceeding**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 30,367**

## DISSENTING OPINION

I would request a response. While the allegations and request for relief are a bit muddled, it is clear that Esquivel filed a motion in August of 2022 for which he has received no ruling. Then, in an effort to get a ruling, he sought to dismiss that motion without prejudice and file a new motion. And because he did not get a ruling on that motion, he wrote to the trial court clerk. I think an appropriately broad reading of the pro se pleadings make it clear that Esquivel has filed a motion and endeavored in an appropriate manner to bring it to the trial court's attention but has received no ruling. He asserts he is entitled to a ruling. Esquivel is clearly not entitled to relief on the second issue, and thus I could concur in the denial of that issue. I would, however, be inclined

to request a response from the parties limited to the first issue because after three efforts *via* letters to the clerk, he still does not have a ruling. We cannot compel what the ruling is, but at some point, he is entitled to a ruling.[1]

TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed May 9, 2024



---

[1] *See In re Rangel*, 570 S.W.3d 968, 970-71 (Tex. App.—Waco 2019, orig. proceeding) (Chief Justice Gray concurring) ("The State, as the real party in interest in this proceeding, and the Court, fault Rangel for not bringing forth any evidence that his motion for post-conviction DNA testing was actually brought to the attention of the trial court. Technically that is correct. But then ask yourself; how exactly is an inmate supposed to do that? It is not like he can take a copy to the trial court's office, courtroom, or home to "serve" the trial court with a copy of the motion. And no matter how many letters the inmate writes, in all likelihood those letters are going straight to a file in the clerk's office. Although those letters may possibly get as far as the court coordinator, they do not necessarily make it to the trial court, even if addressed for delivery only to the trial court judge. But even then, how is the inmate supposed to get any evidence that the trial court was actually made aware of the motion? This Court requested a response from the parties. The trial court is a party, the respondent. We could infer from that procedure the trial court is now aware of the motion. Maybe Rangel can now use this proceeding and that inference to compel a ruling if one is not timely received after this Court's opinion and judgment issue."). In this instance, Esquivel has shown that he sought to bring his motion to the attention of the trial court by writing to the trial court clerk.