**Denied and Opinion Filed September 7, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

### No. 05-23-00866-CV
_____

### IN RE BERNARDIST D. LEE, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. W9746252**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Partida-Kipness

In his petition for writ of mandamus, relator asks us to compel the trial court to rule on a motion for new trial.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). When the requested relief is to compel a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable

time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.).

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See*, *e.g.*, TEX. R. APP. P. 52.3(g), 52.3(k), 52.7(a). For instance, the supporting record relator filed is incomplete and not properly authenticated. Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

To meet his evidentiary burden, the rules of appellate procedure require relator to file with the petition certified or sworn copies of the documents needed to support relator's contentions and claim for relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE § 132.001 (describing how inmate may authenticate documents as sworn copies). Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

A trial court is afforded a reasonable time to rule on a motion properly before it. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Determining whether the trial court has had a reasonable time may involve consideration of criteria such as the trial court's actual knowledge

of the matter, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id.* at 229.

Without a complete and properly authenticated record, relator cannot show that he filed the motion, he brought the matter to the trial court's attention, and the trial court failed to rule on the motion within a reasonable time. *See Prado*, 522 S.W.3d at 2. Thus, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Accordingly, we deny relator's petition for writ of mandamus.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230866F.P05